# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

JEMME J. JENKINS, *Individually*, )
and JULIANNE GLISSON, )
*Administrator of the Estate of* )
*Jimmie L. Alexander, Sr.*, )
)
    Plaintiffs, )
)
v. ) CV418-099
)
CORIZON HEALTH, INC., *et al.*, )
)
    Defendants. )

## **ORDER**

Jimmie Alexander died after a delay in treatment of a blood clot while a detainee at Chatham County Detention Center (CCDC). Doc. 26-1. After complaining of pain in his leg the evening of May 22, 2016, he was seen by medical staff but was not immediately admitted to the infirmary. Defendants argue that he was moved to an observation room in "receiving and discharge," because there were no infirmary beds available. *See* Depo. Mark Dambach, LPN at 104-132. Alexander was not seen until 3:00 p.m. the next day, when the Corizon Health physician evaluated him and determined he required emergency care. *See* Depo. Guy Augustin, M.D. at 161-166. Despite being rushed to the emergency

room for surgery the evening of May 23, 2016, Alexander died of complications arising post-surgery. *See* Depo. Anthony Avino, M.D. at 30-35, 52, 77 & 103. Plaintiffs contend that, because Alexander was not admitted to the infirmary where he could be seen by on-duty medical providers, his treatment was delayed by 15 hours until he could be seen by the Corizon Health physician. They further contend that infirmary beds must have opened up during the 15 hours he was not being seen by a medical provider in the observation room, and that Alexander should have been admitted when they opened.

Based on deposition testimony, plaintiffs believe that the admissions and discharges to the infirmary were memorialized in writing. Doc. 43 at 5-6. The nighttime RN on duty on May 22, 2016, testified that Corizon Health providers regularly kept a "discharge book" reflecting "the time [patients] came in, and the time they left" while she worked at the CCDC. *See* Depo. Montine Stokes, RN at 40-42. Plaintiffs have been on the hunt for the discharge book since, seeking it from Corizon Health (which has since stopped providing medical services to CCDC), the Sheriff and Chatham County (who contracts out medical services at CCDC and thus has no access to medical records), and Correct

Health (a non-party which took over the contract to provide medical services to CCDC). In their discovery responses, these respondents again and again made clear that they did not have the infirmary discharge book. Doc. 43 at Exhs. 9, 12, 15 & 17 (responses by the Sheriff and County); Exhs. 18, 20 & 23 (responses by Corizon Health); Exhs. 16 & 26 (affidavit of "no records" by non-party Correct Health).

Plaintiffs thus have moved to compel production of the long-sought infirmary discharge logs. Doc. 43. The relief they seek in bringing their motion, however, is unclear. They explain:

> This motion seeks to resolve the issue of who has the requested records of infirmary discharge book for the [ ] two day period, May 22-23, 2016. Or if the records no longer exist, then who destroyed the records. None of the entities who would have possession of these records has shed any light on where this book is. If [ ] none of the entities have the records, then Plaintiffs are entitled to know what happened to them. Also, if appropriate, findings of fact and inferences may be appropriate concerning the availability of room at the infirmary on the night of May 22nd and day of May 23rd. *DS Waters of Am., Inc. v Fontis Water, Inc.*, 2012 U.S. Dist. LEXIS 192614, 11-12 (N.D. Ga. 9/12/2012) [spoliation of evidence by destruction of documents]. A Court Order is needed to bring this issue to a head so that the involved entities who may have the document: (1) Corizon, (2) Sheriff and (3) Correct Health, represent to this Court that they do not have the [documents] and where they contend it is located. Representations to the Court carry much greater weight than representations made to Plaintiffs' counsel. Also, by making this motion, Plaintiffs' counsel cannot then be accused of being dilatory on this discovery issue.

3

Doc. 43 at 13. A motion to compel, of course, is not the appropriate vehicle to seek redundant discovery responses or an affidavit to support responses already submitted under the assurance of Fed. R. Civ. P. 11.

Given respondents' unambiguous responses in both discovery and their responses to this motion, it is clear that all disclaim having "possession, custody, or control" over the infirmary discharge logs, if they ever existed. So, there is nothing to compel. The motion (doc. 43) must be **DENIED**. Plaintiffs, however, have indicated they will seek spoliation sanctions if the infirmary discharge logs are determined to be unavailable, if they were destroyed or otherwise lost. Doc. 43 at 14 ("if it is determined that the records have been destroyed, then findings of fact, such as an adverse inference may be appropriate."). So, plaintiffs will be given 14 days to determine whether they wish to proceed with filing a motion for sanctions in light of respondents' representations that the infirmary logs, if they ever existed, are not in their possession, custody, or control. If they fail to timely file any such motion, the Court will deem the issue resolved.

One final matter. While the Court appreciates the reason plaintiffs had for believing the infirmary discharge logs exist(ed), it is skeptical of

4

their reasons for bringing a motion to compel. After all, counsel for respondents had represented, repeatedly, in writing and subject to Rule 11, that they did not have the logs. Correct Health contends that the motion to compel was frivolous, and that under the *mandatory* fee-shifting provision of Rule 37 they are entitled to an award of costs. Doc. 56; *see* Fed. R. Civ. P. 37(a)(5)(B) ("If the motion is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.").

Plaintiffs have not responded to Correct Health's request for fees. They are, however, entitled to an opportunity to be heard. *Id.* Plaintiffs are therefore **ORDERED** to file, within 14 days of service of this Order, their opposition (if any) to an award of costs to respondents for their time expended in opposing the motion to compel. If they do not oppose, they are **ORDERED** to confer with respondents to reach an agreement on costs and, within 14 days of service of this Order, file a notice of their stipulation to costs with the Court.

**SO ORDERED,** this  18th  day of March, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA