# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JEMME J. JENKINS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CV418-099 |
| | ) | |
| CORIZON HEALTH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court are plaintiffs' Motion to Strike Declaration of William Andrew Reese MD, doc. 134, and Motion to Strike Affidavit of Tina Mosterz, doc. 174. For the following reasons both motions are **DISMISSED**.

This case involves the death of Jimmie Lee Alexander Sr., after incarceration at Chatham County Detention Center. Doc. 1-1 at 6. Generally, Mr. Alexander began to complain of pain in his right hip, leg and foot. *Id*. He received some treatment at the detention center, but his pain increased to the point that he began to vomit and complain of severe pain. *Id*. at 7. He was eventually transported to the emergency room and Memorial Health University Medical Center in Savannah,

Georgia where he received surgery for a thromboembolism with ischemia. *Id.* at 9. Despite the surgery, Mr. Alexander died from elevated potassium levels the following morning. *Id.* at 10. After concluding discovery, the exchange of expert witness reports, and the deposition of the identified expert witnesses, plaintiff filed two motions *in limine*. *See* doc. 74 (Dr. Reese), doc. 86 (Dr. Lewinstein). In the motion to exclude Dr. Reese, plaintiffs argue that he is not qualified to opine on Alexander's post-surgical hospital care. Doc. 74 at 13. Both of these motions have not been referred to the undersigned and remain pending before the district judge.

In response to plaintiff's motion *in limine*, defendants filed a declaration which purports to include statements that "are not new, but are further expansions on what I have previously-disclosed [sic] in my report and what I would have said had I been asked in my deposition to explain any of my answers." Doc. 99 at 20. Specifically, the new declaration declares that the reason for Mr. Alexander's death was Memorial's failure to follow its policy on reporting Mr. Alexander's critically high potassium level. Doc. 99 at 12. Understandably miffed at this late disclosure (or potential attempt to rehabilitate, but that is not

2

relevant at this stage), plaintiffs filed a Motion to Strike Dr. Reese's declaration. Doc. 134. To that motion, they appended a new affidavit from the Administrative Laboratory Director of the Memorial Health University Medical Center which provided a detailed overview of certain guidelines and policies applicable in Mr. Alexander's death. Doc. 134-1. In order to bootstrap the argument as much as possible, plaintiffs also responded to the defendant's declaration in support of their response to the motion *in limine* by incorporating the motion to strike in plaintiff's own reply to the response. Doc. 135 at 1 ("Plaintiffs adopt all argument, both factual and legal set for [sic] this objection and motion to strike.").[1] Because one good turn deserves another, defendant's filed a motion to strike this affidavit, doc. 174, arguing (among other things) that the Laboratory Director was not identified in discovery and that her testimony constituted unfair surprise. Doc. 174-1.

The problem with all of this is, perhaps, not astonishing. By breaking into two separate motions the arguments against Dr. Reese; *i.e.,* that his expert testimony should be struck under *Daubert v. Merrell Dow*

---

[1] If you think this is confusing, don't worry, it is. Suffice it to say that the motion to strike the declaration has been incorporated by reference into at least one responsive pleading relevant to the motion *in limine*.

*Pharm., Inc.*, 509 U.S. 579 (1993) and that his subsequent declaration should be stricken as untimely, and by further incorporating those same arguments into the motion *in limine*, plaintiffs create a risk of inconsistent dispositions. More importantly, if—as plaintiffs claim—the district judge determines that Dr. Reese is not qualified to testify as to Mr. Alexander's post-surgical care (including presumably the speediness of any lab reports), then his subsequent declaration would likely be stricken as well. To take it to the end of the analysis, plaintiff's own affidavit was filed (at least at this phase) merely to head-off defendant's belatedly filed declaration. Thus, if the declaration is stricken (presumably) the affidavit is superfluous.

In order to avoid inconsistency, both motions are **DISMISSED** pending resolution of the *Daubert* motion. The parties shall have fourteen days from the date the district judge disposes of the motion *in limine* challenging Dr. Reese to refile any motions to strike (if necessary).

**SO ORDERED,** this 2nd day of March, 2020.

<br>

/s/ Christopher L. Ray
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA