IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JEMME J. JENKINS, Individually, )
and JULIANNE GLISSON, )
Administrator of the Estate of )
Jimmie L. Alexander, Sr.; )
 )
Plaintiffs, )
 )
v. ) CASE NO. CV418-099
 )
CORIZON HEALTH INC., a Delaware )
Corporation; GUY AUGUSTIN, )
M.D.; VICTORIA NEILSER, LPN; )
MARK DAMBACH, LPN; WANDA )
WILLIAMS, Lieutenant; and )
DESMOND BRYANT, Corporal; )
 )
Defendants. )
 )

## O R D E R

Before the Court is Movant Hester Leach's Motion to Quash Subpoena. (Doc. 327.) On January 6, 2022, Plaintiffs served Ms. Leach with a trial subpoena compelling her to attend the trial in this case set to begin on February 14, 2022, in Statesboro, Georgia. (Doc. 327, Attach. 1 at ¶ 7; Doc. 328 at 1-2.) In her motion, Ms. Leach requests that the Court quash the subpoena because attendance at trial would subject her to undue burden and the parties can read her deposition testimony into the record at trial. (Doc. 327 at 4-5.) Inter alia, Ms. Leach contends that she lives in Dekalb County, Georgia, over 204 miles away from the Statesboro Courthouse and that attendance at trial would require

her absence from Emory Hospital, which is currently short-staffed. (Doc. 327, Attach. 1 at ¶¶ 3, 12.) Plaintiffs do not object to the subpoena being quashed but move the Court to allow the reading of Ms. Leach's deposition at trial. (Doc. 328 at 1-3.)

Pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iv), the Court is required to grant a timely motion to quash a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). To determine whether a subpoena creates an undue burden, a court "balance[s] the interests served by demanding compliance with the subpoena against the interests furthered by quashing it." Jordan v. Comm'r, Miss. Dep't of Corr., 947 F.3d 1322, 1337 (11th Cir. 2020) (quoting 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2019)). Additionally, Federal Rule of Civil Procedure 32(a)(4)(B) provides that a party "may use for any purpose the deposition of a witness, whether or not a party, if the court finds:"

> that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition[.]

Fed. R. Civ. P. 32(a)(4)(B).

After careful consideration, the Court finds that requiring Ms. Leach to attend trial would subject her to an undue burden. The Court recognizes that Ms. Leach would incur substantial expenses to travel to trial from Dekalb County and that Ms. Leach

2

...

would be forced to take leave from her job as a nurse at Emory Hospital, which is currently understaffed. Furthermore, the Court finds no prejudice will result from quashing Ms. Leach's subpoena because Ms. Leach's deposition testimony may be read into the record at trial pursuant to Rule 32(a)(4)(B). Based on the foregoing, Ms. Leach's motion (Doc. 327) is **GRANTED,** and the subpoena compelling her attendance at trial in this case is **QUASHED**. Additionally, Plaintiff's motion for leave to read Ms. Leach's deposition at trial (Doc. 328) is **GRANTED**.

SO ORDERED this 25th day of January 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA