IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JEMME J. JENKINS, Individually, ) <br> and JULIANNE GLISSON, ) <br> Administrator of the Estate of ) <br> Jimmie L. Alexander, Sr., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CORIZON HEALTH INC., a Delaware ) <br> Corporation; GUY AUGUSTIN, ) <br> M.D.; VICTORIA NEILSER, LPN; ) <br> and MARK DAMBACH, LPN; ) <br> ) <br> Defendants. ) <br> ) | CASE NO. CV418-099 |

## O R D E R

Before the Court is Plaintiffs' Motion to Read Corporate Representative Depositions at Trial. (Doc. 288.) In their motion, Plaintiffs ask the Court to allow the depositions of Ronald Tyran, Rebecca Pinney, Virginia O'Neill, and Jane Lachner to be read at trial pursuant to Federal Rule of Civil Procedure 32(a)(3). (Id. at 1-3.) Defendants oppose the use of Ms. O'Neill's deposition at trial and ask the Court to limit the use of Ms. Pinney's testimony to topics she was designated to speak about on behalf of Corzion Health, Inc.[1] (Doc. 312 at 2.) For the following reasons, Plaintiffs' motion is **GRANTED IN PART** and **DENIED IN PART**.

---

[1] Defendants also oppose Plaintiffs' subpoena of Ms. O'Neill. (Doc. 312 at 2, 4.) Defendants' argument on this issue is unrelated to whether Plaintiffs may read these witnesses' depositions at trial, which is the only relief requested in Plaintiffs' motion. If

**ANALYSIS**

Federal Rule of Civil Procedure 32(a)(1) permits the use of depositions against a party at trial if:

> (A) the party was present or represented at the taking of the deposition or had reasonable notice of it;
>
> (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and
>
> (C) the use is allowed by Rule 32(a)(2) through (8).

Fed. R. Civ. P. 32(a)(1). Relevant to this motion, Rule 32(a)(3) provides:

> An **adverse party** may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4).

Fed. R. Civ. P. 32(a)(3) (emphasis added). Courts in this circuit have held that Rule 32(a)(3) permits use of a corporate designee's deposition testimony "regardless of the adversary's availability to testify at trial." Mt. Hawley Ins. Co. v. Tactic Sec. Enf't, Inc., No. 6:16-cv-1425-Orl-40TBS, 2018 WL 10690250, at *1 (M.D. Fla. Apr. 5, 2018) (emphasis omitted) (quoting Coughlin v. Capitol Cement Co., 571 F.2d 290, 308 (5th Cir. 1978)[2]); see also In re 3M

---

Defendants desire to have the Court quash a subpoena, they must explicitly request such action through an appropriate motion. Fed. R. Civ. P. 45(d)(3) (explaining circumstances in which a court may quash or modify a subpoena "[o]n a timely motion").

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Combat Arms Earplug Prods. Liab. Litig., 338 F.R.D. 167, 170 (N.D. Fla. 2021). However, Rule 32(a)(3) does not apply to non-party deponents. In re 3M, 338 F.R.D. at 170 ("[I]f the Deponent is a non-party, he must be unavailable in order for the deposition to be used for any purpose other than for impeachment or another purpose allowed by the Federal Rules of Evidence." (citing Fed. R. Civ. P. 32(a)(4))). The Court will now consider Rule 32(a)(3)'s applicability to each of the depositions that Plaintiffs seek to use at trial.

I.   RONALD TYRAN

As an initial matter, Rule 32(a)(3) has no application to the use of Ronald Tyran's deposition at trial. Plaintiffs contend that they should be allowed to use Mr. Tyran's deposition because he was the Rule 30(b)(6) designee for the Sheriff's Office. (Doc. 288 at 1.) The Court notes that Mr. Tyran was actually the Rule 30(b)(6) designee for Chatham County. (Doc. 49 at 2.) In any event, Plaintiffs' claims against both Chatham County and Sheriff's Office employees have been resolved either through summary judgment or settlement. (Docs. 233, 239, 343.) Therefore, the Court finds Plaintiffs and Chatham County are no longer "adverse" parties within the meaning of Rule 32(a)(3). See Powertrain, Inc. v. Ma, 88 F. Supp. 3d 679, 691 (N.D. Miss. 2015) (finding deposition testimony not admissible because designating party "was dismissed on default judgment earlier in this proceeding and thus was not a

3

party to this action at the time of trial"), aff'd, 640 F. App'x 263 (5th Cir. 2016) (per curiam); Est. of Thompson v. Kawasaki Heavy Indus., Ltd., 291 F.R.D. 297, 311-12 (N.D. Iowa 2013) (plaintiffs could not use witness's deposition under "Rule 32(a)(3)[] because they, as the offering parties, [were] not 'adverse' to Ohlins, where Ohlins [had] been dismissed"). Accordingly, Plaintiffs' motion (Doc. 288) is **DENIED IN PART** to the extent they seek to use Mr. Tyran's deposition for any purpose pursuant to Rule 32(a)(3).

## II.   JANE LACHNER

Likewise, the Court finds Jane Lachner's deposition falls outside the scope of Rule 32(a)(3). Although Plaintiffs claim that Ms. Lachner is a Rule 30(b)(6) designee of Corizon Health, Inc. (Doc. 288 at 2), the record suggests otherwise. Ms. Lachner's deposition transcript refers to her as a "Non-Party Witness[.]" (Doc. 93 at 1.) Furthermore, Corizon Health's June 22, 2018, communication to Plaintiffs identifies only Rebecca Pinney and Virginia O'Neill as its Rule 30(b)(6) designees. (Doc. 312, Attach. 2 at 7.) Lacking any evidence to the contrary, the Court must conclude that Ms. Lachner is not a Rule 30(b)(6) designee. As a result, Plaintiffs' motion (Doc. 288) is **DENIED IN PART** to the extent they seek to use Ms. Lachner's deposition for any purpose pursuant to Rule 32(a)(3).

4

III. REBECCA PINNEY AND VIRGINIA O'NEILL

In contrast to Ms. Lachner, Ms. Pinney and Ms. O'Neill were clearly designated as Corizon Health's Rule 30(b)(6) designees. (Doc. 312, Attach. 2 at 7.) Thus, Rule 32(a)(3) sanctions Plaintiffs' use of their depositions at trial. Nevertheless, Defendants argue that the portion of Ms. O'Neill's deposition that Plaintiffs wish to use is inadmissible because Ms. O'Neill was not designated to testify about the use of NETs, a type of documentation form. (Id. at 3.) Defendants also argue that Ms. Pinney's testimony should be limited to the matters on which Corzion Health designated her to speak. (Id. at 2.) The Court has identified no rule that confines the use of Rule 30(b)(6) depositions to matters specifically authorized by the responding organization.[3] In fact, courts in the Eleventh Circuit have held that "Rule 30(b)(6) cannot be used to limit what is asked of a designated witness at a deposition." King v. Pratt & Whitney, 161 F.R.D. 475, 476 (S.D. Fla. 1995) ("The reason for adopting Rule 30(b)(6) was not to provide greater notice or protections to

---

[3] The two cases that Defendants cite stand for unrelated propositions. (Doc. 312 at 4.) In Dopson-Troutt v. Novartis Pharm. Corp., 295 F.R.D. 536 (M.D. Fla. 2013), a district court held that Rule 30(b)(6), by itself, does not permit subpoenaing a witness for trial. Id. at 539-40. In Jiminez-Carillo v. Autopart Int'l, Inc., 285 F.R.D. 668 (S.D. Fla. 2012), the district court found that a corporate defendant was not required to produce officers for depositions who lacked relevant personal knowledge and would not be called to testify at trial. Id. at 670. However, neither Dopson-Troutt nor Jiminez-Carillo addresses using a Rule 30(b)(6) deposition at trial pursuant to Rule 32(a)(3).

5

corporate deponents, but rather to have the right person present at deposition."). Therefore, the Court will not limit the use of Ms. Pinney and Ms. O'Neill's depositions to those matters specifically identified in Corizon Health's Rule 30(b)(6) designation.[4] Accordingly, Plaintiffs' motion is **GRANTED IN PART** to the extent they seek to use the depositions of Ms. Pinney and Ms. O'Neill pursuant to Rule 32(a)(3).

## CONCLUSION

Based on the foregoing, Plaintiffs' motion is **GRANTED IN PART** and **DENIED IN PART**. At trial, Plaintiffs may use the depositions of Rebecca Pinney and Virginia O'Neill pursuant to Rule 32(a)(3), subject to the limitations of the Federal Rules of Evidence. Plaintiffs are not permitted to use the depositions of Ronald Tyran and Jane Lachner barring a showing that either are unavailable for trial.

SO ORDERED this 3rd day of February 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[4] To the extent Defendants argue that the content of Ms. O'Neill's testimony is irrelevant (Doc. 312 at 4), such an objection is best raised after the facts and testimony have developed at trial.